UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          CRIM NO. 3:14CR160(JBA)

v.

WELLINGTON BROWN          February 9, 2016

## GOVERNMENT'S REPLY MEMORANDUM IN AID OF SENTENCING

The government respectfully submits this brief reply memorandum in aid of sentencing. The government takes exception to several of the arguments presented in defendant Wellington Brown's sentencing memorandum. But in view of the abbreviated timeframe for this proceeding, the government will respond orally to the bulk of these arguments at sentencing. For purposes of this reply memorandum, the government addresses only (1) Brown's attack on U.S.S.G. § 2G1.3 and (2) his request for a downward departure under U.S.S.G. § 5H1.3.

### Section 2G1.3

Brown essentially argues that the Court should view section 2G1.3 with skepticism because (1) it is not the outcome of the Sentencing Commission's empirical approach, (2) it stands in contrast to the penalties faced by a hypothetical defendant under analogous state statutes, and (3) it involves certain enhancements that apply in many cases. The government recognizes the Court's ability to depart from a guideline range based on a policy disagreement with the underlying guideline, but respectfully submits that no such departure is warranted in this case.

The Second Circuit summarily rejected Brown's first argument. *See United States v. Brockett*, 420 Fed. App'x 106, 108 (2d Cir. Apr. 26, 2011) (summary order). Specifically, the Second Circuit rejected a substantive reasonableness challenge to a 287-month sentence on the ground "that the Guidelines applicable to sex-trafficking crimes are not supported by sufficient

empirical data." *Id.* The *Brockett* Court clarified that *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), "does not stand for the proposition that the Sentencing Commission must cite 'specific empirical data' when it amends the Guidelines." *Id.* (quoting *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam)). Brown's reliance on *Dorvee* therefore is misplaced. Moreover, it is quite clear that Congress has conducted extensive fact-finding on the trafficking crisis afflicting this country, both before and after passing the legislation cited in Brown's sentencing memorandum. *See, e.g.*, "In Our Own Backyard: Child Prostitution and Sex Trafficking in the United States," Hearing Before the Subcomm. on Human Rights and the Law of the Sen. Comm. on the Judiciary, 111th Cong. 1 (2010) at 1 (Statement of Senator Richard Durbin) ("During the past decade, we have passed four major anti-trafficking laws with strong bipartisan support to advance our strategy known as the '3 P' approach: punishing traffickers, protecting victims, preventing trafficking crimes."), 6-31 (testimony of various authorities), 32-87 (written submissions made part of the congressional record).

The Second Circuit also summarily rejected Brown's second argument based on the ground "that the comparable state crime carries a lower penalty." *Brockett*, 420 Fed. App'x at 108. In doing so, it highlighted the absence of any authority "that a sentence is unreasonable because a different sovereign would punish the same conduct less severely." *Id.* Moreover, it is worth noting that the bottom end of Brown's guideline range (262 months) is only slightly higher than the statutory maximum under Connecticut law (20 years, according to Brown's sentencing memorandum) and is less than the statutory maximum under New York law (25 years, according to Brown's sentencing memorandum).

Third, Brown argues by analogy to *Dorvee* that section 2G1.3 is suspect because it includes certain enhancements—he highlights the enhancements for use of a computer and

involvement in a commercial sex act—that apply in most cases. But after *Dorvee*, the Second Circuit suggested the reason that "so many of the same enhancements apply in the child pornography cases we review is that the government, confronting an epidemic of such crimes with limited resources, has focused its prosecutorial efforts on those cases presenting these aggravating factors." *United States v. Reingold*, 731 F.3d 204, 226 n.19 (2d Cir. 2013). Similarly, the reason certain enhancements apply in many federal sex-trafficking prosecutions is that the government tends to prosecute the most egregious sex traffickers.

Accordingly, Brown's attack on section 2G1.3 is misplaced.

**Section 5H1.3**

Brown requests a downward departure under section 5H1.3. That policy statement provides that "[m]ental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."

But the Second Circuit has "explained that the requirement of a causal nexus restricts the circumstances in which a departure on the grounds of abuse is permitted only to cases where the abuse brings about a mental condition that leads to or causes the criminal conduct." *United States v. Brady*, 417 F.3d 326, 334 (2d Cir. 2005). Although Brown has self-reported a difficult childhood and various mental health issues, he has presented no evidence that any of the traumas he experienced in his youth caused him to lead a sex-trafficking enterprise in adulthood. Brown therefore has failed to satisfy "the causation requirement for a § 5H1.3 downward departure." *Id.* at 335.

Accordingly, Brown's request for a downward departure under section 5H1.3 is misplaced.

**Conclusion**

For the reasons set forth herein and in the government's prior sentencing submission, the government respectfully submits that a substantial term of imprisonment is warranted in this matter.

        Respectfully submitted,

        DEIRDRE M. DALY
        UNITED STATES ATTORNEY


        _____/s/ David E. Novick_____
        DAVID E. NOVICK
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO. phv02874
        157 CHURCH STREET, 25TH FLOOR
        NEW HAVEN, CT 06510
        (203) 821-3700
        David.Novick@usdoj.gov

        _____/s/ Marc H. Silverman_____
        MARC H. SILVERMAN
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO. phv04307
        157 CHURCH STREET, 25TH FLOOR
        NEW HAVEN, CT 06510
        (203) 821-3700
        Marc.Silverman@usdoj.gov

CERTIFICATE OF SERVICE

This is to certify that on February 9, 2016, a copy of the foregoing Reply Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

\_\_\_/s/_____
MARC H. SILVERMAN
ASSISTANT UNITED STATES ATTORNEY