AO245b (USDC-CT Rev. 9/07)

Page 1

UNITED STATES DISTRICT COURT
District of Connecticut

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:14CR00160-1 (JBA)*<br>USM  NO: *58092-037* |
| WELLINGTON BROWN, a/k/a "Jamal" | |
| | *Marc H. Silverman, AUSA*<br>Assistant United States Attorney |
| | *Kelly M. Barrett, AFPD*<br>Defendant's Attorney |

**THE DEFENDANT:** pled guilty to counts <u>1 though 6 of the Indictment</u>

Accordingly the defendant is adjudicated guilty of the following offenses:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Counts** |
|---|---|---|---|
| Title U.S.C. §1594(c) | Conspiracy to Commit Sex Trafficking of a Minor | February, 2014 | 1 |
| Title 18 U.S.C. §1591(a)(1),(b)(2) and (c), and 18 U.S.C. § | Sex Trafficking of a Minor | February, 2014 | 2 - 6 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total of 126 months on counts 1 through 6, to run concurrent with each other.
.
**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 10 years on counts 1 through 6, to run concurrent with each other.  The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1.  Defendant shall participate in a program approved by the Probation Office for substance abuse treatment and testing. The defendant shall pay all or a portion of the costs associated with treatment based on the defendant's ability to pay as determined by the Probation Office.
2.  Defendant shall not possess a firearm or other dangerous weapon.
3.  Defendant shall participate in mental health treatment, with a component on sex offender treatment, approved by the U. S. Probation Office, and shall abide by the reasonable policies and procedures of the program, including polygraph testing. The defendant shall pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.
4.  Defendant shall be required to submit to periodic polygraph testing at the direction of the Probation Office following the completion of a sex offender treatment program. The defendant shall pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.
5.  Defendant shall submit his person, residence, office or vehicle to search, conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises are subject to search pursuant to this condition.
6.  Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) and any state sex offender registration laws of any state in which he resides, works, is a student, or was convicted of a qualifying offense.

7. Defendant shall provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements as a means of monitoring.

8. Defendant shall not loiter around playgrounds, schools, youth oriented organizations/clubs or any other place where children under the age of 18 are known to congregate. The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

9. Defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

10. Defendant shall not possess any materials including pictures, photographs, books, writings, drawings, videos or video games depicting what is described as child pornography as defined in 18 U.S.C § 2256(A).

11. As directed by the Probation Office, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record. The Probation Officer is authorized to make such notifications or to confirm the defendant's compliance with such notification requirement.

12. Defendant shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office.

13. Defendant shall submit all photographic equipment, personal computers or other Internet capable devices and related equipment, owned, controlled or used by him to review conducted by the U.S. Probation Office or its designee at a reasonable time and reasonable manner without prior notice or search warrant. The defendant will also permit the Probation Office to install and use monitoring programs on all such equipment.

14. If deported, the defendant shall not reenter the United States without prior written permission from the Secretary of the Department of Homeland Security or his/her designee

**CRIMINAL MONETARY PENALTIES**
The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | | |
|---|---|---|
| **Special Assessment:** | $600.00 | $100.00 on each of Counts 1 -6 for a total amount of $600.00 |
| **Fine:** | N/A | |
| **Restitution:** | $18,750.00 | payable at the rate of $200.00 per month, payable to the respective victims. |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

## JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The Court recommends that defendant be designated to a facility as close to Connecticut as possible to facilitate family visitation. The Court further recommends that defendant be permitted to participate in the RDAP program even if he will not qualify for reduction in sentence if completed.

**The defendant is remanded to the custody of the United States Marshal.**

**February 11, 2016**
Date of Imposition of Sentence

/s/ Janet Bond Arterton
Janet Bond Arterton
United States District Judge
Date: 22 Feb., 2016

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

Brian Taylor, Acting
United States Marshal

By _____
Deputy Marshal

**CERTIFIED AS A TRUE COPY
ON THIS DATE** _____
**ROBERTA D. TABORA, Clerk
BY:** _____
**Deputy Clerk**

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ■ (7) (A) In a state in which the requirements of the Sex Offender Registration and Notification Act (see 42 U.S.C. §§ 16911 and 16913) do not apply, a defendant convicted of a sexual offense as described in 18 U.S.C. § 4042(c)(4) (Pub. L. 105-119, § 115(a)(8), Nov. 26, 1997) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student; or

  (B) In a state in which the requirements of Sex Offender Registration and Notification Act apply, a sex offender shall (i) register, and keep such registration current, where the offender resides, where the offender is an employee, and where the offender is a student, and for the initial registration, a sex offender also shall register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence; (ii) provide information required by 42 U.S.C. § 16914; and (iii) keep such registration current for the full registration period as set forth in 42 U.S.C. § 16915;
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within five days after such change;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____     _____
            **Defendant**                                               **Date**


_____     _____
**U.S. Probation Officer/Designated Witness**        **Date**